UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ZULUAGA,

    Plaintiff,

v().                                            Case No. 8:17-cv-2543-T-33TGW

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 34), filed on March 27, 2018. Plaintiff Jose Zuluaga filed his response in opposition on April 11, 2018. (Doc. # 36). The Amended Complaint, (Doc. # 27), represents Plaintiff's fourth attempt at pleading in this case. For the reasons below, the Court grants Bank of America's Motion to Dismiss in part and denies in part. Finding that leave to amend at this juncture would be futile, Plaintiff may not file a second amended complaint.

**I.   Background**

On June 27, 2017, over 70 Plaintiffs sued Bank of America in one action in the Middle District of Florida. Torres, et al. v. Bank of America, N.A., No. 8:17-cv-1534, (M. D. Fla. June 27, 2017), Doc. # 1. Plaintiff Jose Zuluaga was one of the many

Plaintiffs in the original lawsuit. Plaintiffs alleged Bank of America (BOA) committed common law fraud in its administration of the Home Affordable Modification Program. HAMP was implemented by the Federal Government in March of 2009, to help homeowners facing foreclosure. (Doc. # 27 at ¶ 9). BOA entered into a Servicer Participation Agreement with the Federal Government in which BOA was required to use reasonable efforts to effectuate any modification of a mortgage loan under HAMP. (Id. at ¶ 10). The Federal Government, in exchange for BOA's participation in HAMP, agreed to compensate BOA for part of the loss attributable to each modification. (Id. at ¶ 11). Plaintiffs' claims were all based on their attempts to secure a loan modification with BOA under HAMP.

In the original lawsuit, BOA filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), (Torres Doc. # 12), and Plaintiffs amended their complaint. (Torres Doc. # 16). Following BOA's second Motion to Dismiss, (Torres Doc. # 17), the presiding judge severed the claims and required Plaintiffs to sue separately. (Torres Doc. # 19). Plaintiff Jose Zuluaga filed a separate complaint on October 30, 2017. (Doc. # 1). Three months later, on March 7, 2018, Plaintiff filed an Amended Complaint. (Doc. # 27). Thus, the operative complaint in this matter is Plaintiff's fourth attempt to properly plead his cause of action.

The Amended Complaint alleges BOA committed four fraudulent acts: (1) falsely telling Plaintiff that he "must be in default

2

and behind" on his mortgage to be eligible for a HAMP loan modification and failing to tell Plaintiff that he could qualify for HAMP if default was reasonably foreseeable ("HAMP Eligibility Claim"); (2) falsely telling Plaintiff the requested supporting financial documents Plaintiff had submitted to BOA were incomplete ("Supporting Documents Claim"); (3) falsely telling Plaintiff that he was approved for a HAMP modification and needed to start making trial payments ("HAMP Approval Claim"); and (4) fraudulently omitting how inspection fees charged to Plaintiff's account would be applied ("Inspection Fee Claim"). (Doc. # 27 at ¶¶ 38, 41, 48, 55).

In its Motion to Dismiss, BOA argues that Plaintiff's fraud claims are barred by the statute of limitations and banking statute of frauds. (Doc. # 34 at 6, 11). BOA also contends that Plaintiff's Amended Complaint violates Rule 9(b) by failing to allege circumstances constituting fraud with sufficient particularity. (Id. at 14). These arguments are addressed in turn.

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the Complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the Complaint. Stephens v. Dep't of Health & Human

3

Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Generally, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). "There is an exception, however, to this general rule. In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

4

## III. Analysis

### A. Statute of Limitations

Under Florida law, there is a four-year statute of limitations for any "legal or equitable action founded on fraud." Fla. Stat. § 95.11(3)(j). The time period to sue begins running when the plaintiff discovers, or should have discovered with due diligence, the facts giving rise to the fraud. Fla. Stat. § 95.031(2)(a). In its Motion to Dismiss, BOA argues that all of Plaintiff's claims are barred by the statute of limitations. The Court disagrees; only Plaintiff's Inspection Fee Claim is time barred.

Arguing that Plaintiff should have discovered the basis for his fraud claim "when the relevant statements were made," BOA submits that each of Plaintiff's claims should be barred. (Doc. # 34 at 6). BOA points to a document it calls the Supplemental Directive posted on the Treasury Department's website and posits that the posted guidelines for HAMP eligibility gave Plaintiff an opportunity to discover with due diligence any facts giving rise to fraud. (Doc. # 34 at 7-8).

But, the Court is not convinced that the Supplemental Directive should be taken into account in determining whether the statute of limitations has barred Plaintiff's claims. "A document attached to a motion to dismiss may be considered by the court . . . only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d

1125, 1134 (11th Cir. 2002). The Supplemental Directive is not attached either to the Amended Complaint, nor the Motion. Furthermore, the Supplemental Directive is not central to Plaintiff's fraud claims. Plaintiff's claims are based on the alleged false statements and omissions made by BOA to Plaintiff through the HAMP process. While the Supplemental Directive may be central to BOA's statute of limitations defense, it is not central to Plaintiff's claims.

Even if the Supplemental Directive were to be considered alongside the Amended Complaint, it is not clear that, with due diligence, Plaintiff should have discovered the basis of his fraud allegations. BOA argues that Plaintiff should have consulted this document to understand the guidelines of HAMP and thus discover any misrepresentations. (Doc. # 34 at 7). But the Supplemental Directive is a 38-page document filled with complicated financial and legal requirements. This document, which is intended to be used by banking professionals, does not establish a reasonable expectation that Plaintiff should have discovered the basis of his fraud allegations earlier. <u>See</u> Order Granting in Part and Denying in Part Motion to Dismiss, <u>Carmenates, et al. v. Bank of America, N.A.</u>, No. 8:17-cv-2635-T-23JSS, (M.D. Fla. Feb. 1, 2018), Doc. # 12.

BOA has not met its burden of showing that Plaintiff knew, or should have known, that the statements relating to the HAMP

6

Eligibility, HAMP Approval or Supporting Documents claims were false. A statute of limitations defense is an affirmative defense and BOA bears the burden of proof. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). BOA has not shown that Plaintiff knew, or should have known, that the statements were false regarding HAMP's eligibility requirements or his HAMP approval. Additionally, BOA has failed to establish that Plaintiff knew, or should have known, that the financial documents he submitted to BOA were not actually incomplete. Thus, the statute of limitations has not run with respect to the HAMP Eligibility, HAMP Approval or Supporting Documents claims.

Finally, with respect to the Inspection Fee Claim, the statute of limitations began to run when Plaintiff's account was charged. There is no reason that a diligent mortgagor would not and could not check his or her bank account and notice the fees. (Carmenates Order at 6). Plaintiff claims the inspection fees were last charged in 2012. (Doc. # 27 at ¶ 55). Therefore, Plaintiff's Inspection Fee Claim is barred by the statute of limitations and thus, is dismissed with prejudice.

**B. Banking Statute of Frauds**

Florida's Banking Statute of Frauds requires credit agreements to be signed and in writing. Fla. Stat. § 687.0304. A credit agreement is "an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or

7

to make any other financial accommodation." Fla. Stat. § 687.0304(1)(a). As recognized by the Court in Bloch v. Wells Fargo Home Mortg., to the extent verbal conversations add "to the purported 'promise', such addition is barred by . . . 'Florida's Banking Statute of Frauds.'" 755 F.3d 886, 889 (11th Cir. 2014).

The banking statute of frauds is applicable to fraud claims where the borrower has alleged that the lender orally agreed to make financial accommodations to the borrower. Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship, 45 So.3d 897, 902-03 (Fla. 3d DCA 2010). Only Plaintiff's HAMP Approval Claim involves an oral statement regarding a credit agreement under the banking statute of frauds. Because Plaintiff's other claims do not involve a credit agreement as defined by the statute, they are not barred. Therefore, Plaintiff's HAMP Approval Claim is dismissed with prejudice.

C. **Rule 9(b)**

Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). In Florida, to state a claim for fraud, a "plaintiff must allege: (1) the defendant made a false representation of material fact, (2) the defendant knew that the representation was false, (3) the defendant made the representation for the purpose of inducing the plaintiff to act in reliance thereon, and (4) the plaintiff's injury was caused by

8

justifiable reliance on representation." <u>Berkey v. Pratt</u>, 390 Fed. Appx. 904, 909 (11th Cir. 2010).

Furthermore, Rule 9(b) requires that "a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain[] by the alleged fraud." <u>W. Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.</u>, 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing <u>Ambrosia Coal & Const. Co. v. Pages Morales</u>, 482 F.3d 1309, 1316-17 (11th Cir. 2007)).

**1. <u>HAMP Eligibility Claim</u>**

In his attempt to obtain a loan modification, Plaintiff alleges BOA falsely informed him that he "must be in default and behind" on his mortgage. (Doc. # 27 at ¶ 38). However, in order to qualify for a HAMP loan modification, a mortgagor need not be in default, as default need only be reasonably foreseeable. (<u>Id.</u>). In his Complaint, Plaintiff provides the name of the BOA representative that told him the false statement, as well as the date the statement was made. (<u>Id.</u>). According to Plaintiff, the BOA representative made the false statement to induce Plaintiff's reliance, triggering his purposeful default on his mortgage. (<u>Id.</u> at ¶¶ 38, 40). His loss of home equity and "money paid as trial payments" to BOA demonstrate damage resulting from the false

9

statements. (Id.). At this juncture, Plaintiff has stated a claim for HAMP Eligibility that survives the Motion to Dismiss.

### 2. Supporting Documents Claim

When applying for a HAMP loan modification, Plaintiff sent financial documents to BOA and was then told that the documents were incomplete. (Doc. # 27 at ¶ 42). While the Complaint alleges this statement by BOA was false, (Id. at ¶ 43), Plaintiff has failed to support the allegation with well-pleaded and specific facts. Plaintiff states only in a conclusory fashion that the statement was false. But Rule 9(b) requires more than conclusory statements. United States ex rel. Clausen v. Lab Corp. of America, Inc., 290 F.3d 1301, 1313 (11th Cir. 2002). Despite multiple pleading attempts, Plaintiff has failed to satisfy Rule 9(b) and thus, the Supporting Document Claim is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bank of America's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 34) is **GRANTED** in part and **DENIED** in part.

(2) Plaintiff's Supporting Documents Claim is **DISMISSED WITH PREJUDICE**.

(3) Plaintiff's HAMP Approval Claim is **DISMISSED WITH PREJUDICE.**

(4) Plaintiff's Inspection Fee Claim is **DISMISSED WITH PREJUDICE.**

(5) Plaintiff's HAMP Eligibility Claim survives. BOA is directed to file an answer to the surviving claim within 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE