UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ZULUAGA,

      Plaintiff,

v.                         Case No. 8:17-cv-2543-T-33TGW

BANK OF AMERICA, N.A.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Bank of America, N.A.'s Motion for Summary Judgment (Doc. # 43), filed on August 31, 2018. Plaintiff Jose Zuluaga responded on October 4, 2018, (Doc. # 53), and Bank of America has replied, (Doc. # 55). For the reasons that follow, the Motion is granted, and the case is dismissed without prejudice for lack of subject matter jurisdiction.

I.    **Background**

On June 27, 2017, over seventy Plaintiffs sued Bank of America in one action in the Middle District of Florida. Torres et al. v. Bank of Am., N.A., No. 8:17-cv-1534-T-26TBM, (M.D. Fla. June 27, 2017)(Doc. # 1). Plaintiff Zuluaga was one of the many Plaintiffs in the original lawsuit. Plaintiffs

alleged Bank of America ("BOA") committed common law fraud in its administration of the Home Affordable Modification Program ("HAMP"). HAMP was implemented by the federal government in March of 2009, to help homeowners facing foreclosure. (Doc. # 27 at ¶ 9). BOA entered into a Servicer Participation Agreement with the federal government in which BOA was required to use reasonable efforts to effectuate any modification of a mortgage loan under HAMP. (Id. at ¶ 10). The federal government, in exchange for BOA's participation in HAMP, agreed to compensate BOA for part of the loss attributable to each modification. (Id. at ¶ 11). Plaintiffs' claims were all based on their attempts to secure loan modifications with BOA under HAMP.

In the original lawsuit, BOA filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), (Torres Doc. # 12), and Plaintiffs amended their complaint, (Torres Doc. # 16). Following BOA's second motion to dismiss, (Torres Doc. # 17), the presiding judge severed the claims and required Plaintiffs to sue separately, (Torres Doc. # 19). Plaintiff Zuluaga filed a separate complaint on October 30, 2017. (Doc. # 1). Three months later, on March 7, 2018, Plaintiff filed an Amended Complaint. (Doc. # 27).

The Amended Complaint alleges BOA committed four fraudulent acts: (1) falsely telling Plaintiff that he "must be in default and behind" on his mortgage to be eligible for a HAMP loan modification and failing to tell Plaintiff that he could qualify for HAMP if default was reasonably foreseeable ("HAMP Eligibility Claim"); (2) falsely telling Plaintiff the requested supporting financial documents Plaintiff had submitted to BOA were incomplete ("Supporting Documents Claim"); (3) falsely telling Plaintiff that he was approved for a HAMP modification and needed to start making trial payments ("HAMP Approval Claim"); and (4) fraudulently omitting how inspection fees charged to Plaintiff's account would be applied ("Inspection Fee Claim"). (Doc. # 27 at ¶¶ 38, 41, 48, 55).

BOA moved to dismiss (Doc. # 34), and the Court granted that motion in part and denied it in part, (Doc. # 39). The Court dismissed the Supporting Documents Claim, HAMP Approval Claim, and Inspection Fee Claim with prejudice, but allowed the HAMP Eligibility Claim to survive. (Id.).

Regarding the HAMP Eligibility Claim, Plaintiff alleges that on October 19, 2011, BOA representatives told Plaintiff that a modification requires a default. (Doc. # 27 at ¶ 38). According to Plaintiff, a modification in fact requires

either a default or that default be "reasonably foreseeable."
(Id.). Allegedly, BOA's misrepresentation was "specifically
designed by BOA to set Plaintiff up for foreclosure." (Id. at
¶ 39). Plaintiff allegedly relied on BOA's misrepresentation,
stopped paying his mortgage, and "fell into default status."
(Id. at ¶ 40). He ascribes the "the loss of his home and the
equity in that home" to BOA's alleged misrepresentation. (Id.
at ¶¶ 40, 53).

BOA moved for summary judgment on August 31, 2018,
arguing, among other things, that Plaintiff's claim is barred
by the Rooker-Feldman doctrine. (Doc. # 43). Plaintiff has
responded, (Doc. # 53), and BOA has replied. (Doc. # 55). The
Motion is now ripe for review.

## II. **Discussion**

Bank of America contends that Plaintiff is trying to
"'effectively nullify' the state court foreclosure judgment"
in violation of the Rooker-Feldman doctrine. (Doc. # 43 at
18). As other judges in this District have determined in
nearly identical cases,[1] the Court finds that Plaintiff's
claim is barred by the Rooker-Feldman doctrine.

---

[1] Carmenates v. Bank of America, N.A., 8:17-cv-2635-T-23JSS
(Doc. # 50); Perez v. Bank of America, N.A., 8:17-cv-2623-T-
23JSS (Doc. # 50); Acosta v. Bank of America, N.A., 8:17-cv-
2592-T-23AAS (Doc. # 55); Santos v. Bank of America, N.A.,

"Under the Rooker-Feldman doctrine, a district court lacks jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Valentine v. BAC Home Loans Servicing, L.P., 635 F. App'x 753, 756 (11th Cir. 2015)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "The doctrine extends to claims involving issues that are 'inextricably intertwined with the state court judgment,' i.e., claims that would 'effectively nullify' the state court

8:17-cv-2588-T-23MAP (Doc. # 47); Rodriguez v. Bank of America, N.A., 8:17-cv-2583-T-23TGW (Doc. # 51); Peralta v. Bank of America, N.A., 8:17-cv-2580-T-23MAP (Doc. # 56); Mosquea v. Bank of America, N.A., 8:17-cv-2551-T-23TGW (Doc. # 46); Rostgaard v. Bank of America, N.A., 8:17-cv-2538-T-23CPT (Doc. # 57); Diaz v. Bank of America, N.A., 8:17-cv-2537-T-23MAP (Doc. # 51); Salazar v. Bank of America, N.A., 8:17-cv-2535-T-23AEP, (Doc. # 50); Blanco v. Bank of America, N.A., 8:17-cv-2593-T-23JSS (Doc. # 48); Moncada v. Bank of America, N.A., 8:17-cv-2625-T-23AEP (Doc. # 45); Ruiz v. Bank of America, N.A., 8:17-cv-2586-T-23TGW (Doc. # 42); Zalazar v. Bank of America, N.A., 8:17-cv-2603-T-23CPT (Doc. # 48); Espinel v. Bank of America, N.A., 8:17-cv-2628-T-23JSS (Doc. # 44); Garcia v. Bank of America, N.A., 8:17-cv-2602-T-23AAS (Doc. # 46); Gonzalez v. Bank of America, N.A., 5:17-cv-519-T-23PRL (Doc. # 44); Varela-Pietri v. Bank of Am., N.A., 8:17-cv-2534-T-23TGW (Doc. # 50); Colon v. Bank of Am., N.A., 8:17-cv-2548-T-26AAS (Doc. # 30); Clavelo v. Bank of Am., N.A., 8:17-cv-2644-T-26TGW (Doc. # 29); Guevara v. Bank of Am., N.A., 8:17-cv-2550-T-24JSS (Doc. # 36); Rosselini v. Bank of America, N.A., 8:17-cv-2584-T-24CPT (Doc. # 29).

judgment or that would 'succee[d] only to the extent that the state court wrongly decided the issues.'" Id. at 756–57 (quoting Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009)).

"In deciding this relationship, the court focuses on the federal claim's relationship to the issues involved in the state court proceeding, instead of on the type of relief sought by the plaintiff." Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008). "Notably, the Eleventh Circuit and many district courts have applied the Rooker-Feldman doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments." Goldman v. HSBC Bank USA, No. 9:15-CV-80956, 2015 WL 5269809, at *1 (S.D. Fla. Sept. 10, 2015).

Plaintiff argues that Nivia v. Nation Star Mortgage, LLC, 620 F. App'x 822 (11th Cir. 2015), establishes that the Rooker-Feldman doctrine is inapplicable to this case. (Doc. # 53 at 6-7). Plaintiff cites Nivia for the proposition that "claims under . . . HAMP are not barred by the Rooker-Feldman doctrine." (Id. at 7).

On the contrary, Nivia supports the application of the Rooker-Feldman doctrine to this fraud case. While the Eleventh Circuit held that the HAMP claim was not barred by

the Rooker-Feldman doctrine, that was largely due to the timeline of that case. In Nivia, the plaintiff applied for a HAMP modification *after* the state-court foreclosure judgment was entered. As the Eleventh Circuit explained, "[t]he homeowners alleged only that the lenders failed to respond adequately to their September 2012 request for a loan modification, which could not have been at issue in the foreclosure proceeding that concluded in December 2011." Nivia, 620 F. App'x at 825. Thus, Nivia does not stand for the proposition that any claims related to the issuance of HAMP modifications are not barred by the Rooker-Feldman doctrine.

And, importantly, the Nivia court held that the claim under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) was barred. For the FDUTPA claim, the plaintiff homeowners alleged the defendant lender "failed to help [them] . . . modify their loan[,] denying them any possibility to cure their default, which constitute[d] a deceptive practice to the public in . . . light of the lenders' public representations that loan modifications were generally available." Id. (internal quotation marks omitted).

The Eleventh Circuit "construe[d] this allegation to extend beyond the lenders' denial of the September 2012 loan

7

modification request and to include conduct before the foreclosure judgment." Id. So, the Eleventh Circuit concluded that, "[i]n effect, the homeowners' claim amounts to an equitable defense to foreclosure that they failed to raise before the state court," and that "success on the merits of the FDUTPA claim would require a determination that the state court entered the forfeiture judgment 'wrongly,' i.e., that the judgment was legally invalid." Id.

Another Eleventh Circuit case supports that the Rooker-Feldman doctrine bars Plaintiff's claim. In the district court, a plaintiff mortgagor asserted a RICO claim against the defendant bank that had earlier procured a foreclosure judgment against the mortgagor in state court. Figueroa v. Merscorp, Inc., 766 F. Supp. 2d 1305, 1308-25 (S.D. Fla. 2011), aff'd, 477 F. App'x 558 (11th Cir. 2012). The mortgagor sought "damages arising out of the loss of his home" and alleged that the bank had committed mail and wire fraud in its prosecution of the state foreclosure action as part of a "scheme" to wrongfully obtain foreclosure judgments. Id. at 1311-23.

The district court dismissed the RICO claim under the Rooker-Feldman doctrine because that claim was "inextricably intertwined" with the foreclosure judgment. Id. at 1323-24.

The Eleventh Circuit affirmed, writing: "Figueroa was a
state-court loser in his state court foreclosure proceeding.
The state court judgment formed the basis of or was
intertwined with the injury complained of in Figueroa's
instant compliant: that 'he lost his one-half interest in his
property and home' because of an improper foreclosure
proceeding." Figueroa, 477 F. App'x at 560.

And, as the Figueroa decision suggested, the type of
damages sought in a subsequent federal court action are
significant to the Rooker-Feldman analysis. A district court
in the Southern District of Florida explained it this way:

> Plaintiffs essentially seek damages that stemmed
> from the loss of their home. The only way Plaintiffs
> could have been damaged was if the loss of their
> home was wrongful. By entering judgment in favor of
> foreclosure, the state court has determined that
> foreclosure was proper. Were judgment to be entered
> in this case in favor of Plaintiffs, it would
> necessarily follow that the state court foreclosure
> was in error and, as a result, this Court cannot
> grant Plaintiffs their requested relief without
> disturbing the Florida foreclosure judgment.

Goldman, 2015 WL 5269809, at *2. Indeed, "[t]he only way
Plaintiff . . . could have been 'damaged' by the loss or
'illegal divestment' of [his] home[] is if [the]
foreclosure[] [was] wrongful." Figueroa, 766 F. Supp. 2d at
1323.

9

Here, like in Figueroa, Plaintiff alleges a scheme designed to facilitate BOA acquiring a foreclosure judgment. (Doc. # 27 at ¶ 39). And that scheme, consisting of a misrepresentation concerning HAMP eligibility requirements, caused Plaintiff to fall into default and allowed BOA to then obtain a foreclosure judgment. (Id. at ¶¶ 38-40). As a result of that misrepresentation and the subsequent foreclosure judgment, Plaintiff suffered "the loss of his home and the equity in that home" — a loss that only occurred once the foreclosure judgment was entered. (Id. at ¶¶ 40, 53). Because the state court found that the foreclosure leading to the loss of Plaintiff's home was proper, granting damages for the loss of Plaintiff's home suggests entry of the foreclosure judgment was wrongful.

"In sum, the fraud claim in this action appears a circuitous but unmistakable attempt to impugn the validity of the foreclosure judgment." Varela-Pietri v. Bank of Am., N.A., No. 8:17-cv-2534-T-23TGW, 2018 WL 4208002, at *3 (M.D. Fla. Sept. 4, 2018). The Court would reach the same conclusion even if Plaintiff was unaware of the fraud at the time of the foreclosure. See Rosselini v. Bank of Am., N.A., 8:17-cv-2584-T-24CPT (M.D. Fla. Oct. 4, 2018)(Doc. # 29 at 4)("The issues of the fraud in this case could have been raised in

10

the state court foreclosure before final judgment was entered. It would not change the result that Plaintiff alleges he did not know or could not have reasonably discovered the facts he now knows until he retained his attorney in this case."). Therefore, the fraud claim is barred by the Rooker-Feldman doctrine and the case is dismissed without prejudice for lack of subject matter jurisdiction. See Varela-Pietri, 2018 WL 4208002, at *4 n.6 ("Because of the disposition of the Rooker-Feldman argument (a subject-matter jurisdiction defect), the dismissal is without prejudice.").

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1)  Defendant Bank of America, N.A.'s Motion for Summary Judgment (Doc. # 43) is **GRANTED.**

(2)  The Clerk is directed to enter a judgment of dismissal without prejudice because the Court lacks jurisdiction under the Rooker-Feldman doctrine.

(3)  After entering judgment, the Clerk is directed to terminate all pending deadlines and motions and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of October, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE